# Savannah & Memphis Railroad Co. v. Shearer, Adm'x.

### Action by Administratrix to Recover Damages for the Killing of her intestate.

1. *Railroad company; negligence by.*—Where a train of cars was moving backwards, within the limits of an incorporated town, while the deceased was walking on the track in the direction in which the train was moving, and no person was stationed to keep a look out, and the cars ran over and killed the deceased, the company is guilty of negligence.

2. *Act to prevent homicides, omitted from Code; subsequent act to supply omission; remedy against corporations for acts causing death.*—The act approved February 21, 1860, entitled, "an act to prevent homicides," which repealed sections 1938 and 1939 of the Code of 1852, having been omitted from the Revised Code of 1867, in which the repealed sections were inserted; and the act of the same title, approved February 21st, 1872, having been passed to remedy the omission; section 1941, (Rev. Code, § 2300), which gives against corporations the same remedy for wrongful acts causing death, which said sections 1938, 1939, gave against individuals, now gives the same remedy as by the amending act of 1872.

3. *Contributory negligence; defensive matter; burden of proof.*—In an action to recover damages for a wrongful act causing death, contributory negligence on the part of the deceased is defensive matter, and the burden of proving it rests on the defendant, unless the plaintiff's own testimony inculpates the deceased

4. *Charge as to affirmative and negative testimony; when properly refused.*—A charge which asserts that "where one man swears positively that he saw or heard a certain thing, and any number of witnesses swear that they did not see or hear it, then the witness swearing affirmatively that he saw or heard it, outweighs the others," is properly refused, because not confined to witnesses equally credible and having equal means of knowledge.

5. *Punitive damages under statute; to what extent recoverable.*—The damages allowed by the statute which gives an action for a wrongful act causing death, are punitive, and are not confined to the pecuniary loss sustained by the family of the deceased by reason of his death.

APPEAL from City Court of Lee.

Tried before the Hon. JOHN M. CHILTON.

This was a suit to recover damages for the death of plaintiff's (appellee's) intestate, who was run over and killed by defendant's (appellant's) train in Opelika.

Complaint was framed in reference to section 2297 and 2300 of Revised Code, and act of February 5, 1872, p. 83. The first count claims $25,000, for that on 10th November, 1873, deceased was on the track of defendant's railroad (described as a corporation in the margin) in the city of Opelika. "The defendant so negligently conducted itself in the management of a locomotive belonging to it" as to cause it to

[Savannah & Memphis Railroad Co. v. Shearer, Adm'x.]

pass rapidly over its track without care and diligence, (and for want of these characteristics), said locomotive and cars attacked, struck and killed deceased; that deceased would have maintained action had the wounds failed to produce death. The second count is the same, except it claimed only $3,000, and alleged that deceased was where he might lawfully be, and left a widow, and his income was $1,200 per annum. The third count is the same, except it avers that *servants and employees* did negligently conduct themselves, &c.

About twenty-four grounds of demurrer are assigned, but only the following points of law are apparently insisted on: 1. Plaintiff should state absence of negligence on the part of his intestate. 2. That deceased merely being upon the track should prevent recovery. 3. That the acts of negligence should be stated more particularly. 4. The Code, § 2298, confines recovery to $3,000; and act of 71–2, p. 83, is not applicable. 5. Complaint should allege that the injury was caused by act of *officer, agent or employee.* 6. That description of defendant, in margin, is not sufficient. The plaintiff had leave to amend so as to describe defendant in the body of the complaint—and the demurrers were overruled.

Defendant pleaded that negligence of plaintiff contributed to the injury—and, not guilty.

Plaintiff's witness, O. H. Lockett, swore—that he saw defendant's train running backward at the rate of 15 miles an hour, until it passed deceased; ran to the track and found deceased dying; the engine bell was not rung or whistle blown. Three other witnesses sustained Lockett. It was also proved that deceased was walking from the train, and was in full view for 400 yards. No rule of defendant regulated the speed of their trains, and no lookout was required to be kept in the direction trains were moving, and no employee or agent of the company was actually so situated as to see in the direction this train was moving. A *flying switch* was being made when deceased was killed. The value of services of deceased were estimated at from $16 per month to nothing.

Defendant's witnesses (its employees) swore that the bell was ringing. The train consisted of two passenger, two flat, and three freight cars. Plaintiff, in examining the witness Lockett, asked him "if he saw any watchman on the top of the train?" and to this defendant excepted. The charges given were as follows:

By the court: "1. Under the Code a recovery could not exceed $3,000; but under act of 1872, they were not limited in amount, and if they found for plaintiff, might assess such

amount as they deemed just under all the circumstances of the case."

At the instance of plaintiff: "2. When the law casts upon a party the burden of proving a fact, it is to be regarded, for the purposes of the trial, that the fact does not exist where there is no evidence tending to prove it. The law casts upon the defendant the burden of proving any negligence of the deceased."

The following charges were refused: 1. If defendant's agents rang the bell at the crossing, as required by statute, there was no negligence on the part of defendant, and deceased being on the track and not looking for the train, was such want of care and common prudence as would defeat a recovery.

2. There is no law in Alabama that requires railroad companies to keep watchmen on top of trains, or any where else, as the train is running, and they can not be found liable in this action for not doing so.

3. Affirmative is to be relied on in preference to negative evidence, and when one man swears positively that he heard or saw a thing, and any number of witnesses swear that they did not see or hear it, then the one swearing affirmatively shall outweigh the number who swear negatively.

4. The measure of damages in this case, is what the jury may find was the reasonable pecuniary loss occasioned by the death of deceased, and the law does not allow them to find any damage for wounded feeling or solace of mind of different members of the family, and if there was no pecuniary loss to the family by his death, then none should be found, and the verdict should be for defendant.

5. This is an action to recover money damage for pecuniary loss, and unless the death of deceased caused pecuniary loss they can not find for plaintiff.

6. In estimating damage, the jury will consider the age, health and occupation of deceased, and the comfort and support afforded to his family, and confine themselves to the actual and such other damage as would afford the family of deceased the same support they would have obtained from his labor during the time he would probably have lived; that in such cases the law looks only to such damage as can be reduced to a pecuniary standard, and they should only find such pecuniary damage as they deem just.

The following assignments of error are made: 1st. Overruling the demurrers. 2d. Permitting witness Lockett to testify that the railroad company kept no one on top of the cars as a lookout. 3d. In letting said testimony of Lockett go to the jury. 4th. In giving the charges excepted to by

appellant.　5th. In refusing the charges asked by appellant.

W. H. BARNES, for appellant.—1. The act of 1871-2, page 83 of Pamphlet Acts, does not apply to corporations. The second section shows that it was not intended to apply to corporations. It provides that the cause of action should survive against the representative of the deceased. Besides, if the act could be made to apply to corporations, it would be violative of the 2d section of the 4th article of the constitution of 1868.

2. The objection to this act, is raised both by the demurrer to the first count as well as to the exception to the charge of the court, which asserts, in its instruction to the jury, that as the law now stands, under the act of 1871-2 they are not limited, but may give such damages as they may deem just under all the circumstances. This charge was also subject to the further objection, that it authorizes the jury to find beyond a pecuniary compensation. We contend that the standard, or measure of damages, is to compensate in money the loss as a pecuniary compensation only, and not vindictive in their nature ; that there can be no recovery for grief of mind, or solace of the wounded feelings of any or all the family.—*Illinois Cen. R. R. v. Martin Wildon*, 52 Ill. 294; *Elihu Corndust v. A. Grifferdamy*, 48 Ill. 410 ; *Chicago & Rock Island Railroad v. S. Morris' Adm'r*, 26 Ill. 400; *Penn. R. R. Co. v. Butler*, 57 Penn. 335 ; Sedgwick on Measure of Damages, 6th ed. pp. 625, 695-6, head-notes and authorities.

3. The demurrer should have been sustained to the first count—in fact to all the counts, because they showed on their face that the deceased was on the track of the railroad, not at a public crossing, which the law pronounces negligence in itself.—Sherman & Redfield on Negligence, p. 572 ; *Phil. & Reading Railroad Co. v. Hamell*, 44 Penn. St. 375.

4. The charges given by the court, at the request of the plaintiff, which asserted that the burden was on the defendant to prove that the deceased was guilty of negligence—we maintain that the law is, that the plaintiff must show, by the proof, that he was on the track without any negligence on his part.—*Ann Curran, Adm'x, v. Worm, &c.*, 36 N. Y. 153.

5. The charge asked by the defendant, on the effect of the affirmative and negative evidence, under the facts of this case, asserted a correct legal proposition, and should have been given.

6. The appellee in this case contends that there was negligence in the railroad company in not prescribing the rate of speed that the road should run its cars through the city of Opelika. There is no statute of the State requiring such a

regulation, and there was no ordinance of the city of Opelika requiring them to do so; consequently, there could be no negligence charged on the road because it did not do so.

7. The declaration should have contained an averment that the deceased left a widow, or next of kin, surviving him. It might be possible that there was no one to take his estate, and as there was no one, no action could be sustained.— *Chicago & Rock Island R. R. Co. v. Samuel Morris, Adm'r*, 26 Ill. 400.

8. The appellee contended, in the argument that, if the plaintiff was held to the Code, and the act of 1871-2 did not apply, although the jury should find more than they had a right to recover, it would not avail the defendant below. This proposition is most certainly untenable. The court cannot make a verdict for the jury. It cannot reduce their finding, and, most especially, after charging them that, as the law now stands, they are not limited in amount, but might find any amount they should, or might deem just.

G. D. & G. W. HOOPER, *contra.*—1. It was unnecessary for plaintiff to state absence of negligence on the part of deceased.—*Johnson v. Hudson River R. R.* 5 Duer, 21; *Gough v. Bryan*, 2d Mees. & Welsb, 790; *Bridge v. Grand Junc. R. R.* 3d M. & W. 244; *Davis v. Mann*, 10 M. & W. 546; *R. R. Co. v. Gladmon*, 15 Wallace, 401. These authorities show that negligence of plaintiff contributing to his injury, is a defense to be proved and pleaded by defendant. A defendant cannot invoke this rule who fails to use ordinary care, when that degree of care might have prevented the act causing injury.— *Steamboat Farmer v. McCraw*, 26 Ala. 189; *Grant v. Mosely*, 29 Ala. 302, 1st Brickell, 40. See, also, *Hanlon v. R. R. Co.* at present term.

2. The mere fact of plaintiff being upon the track does not show such degree of negligence as would defeat a recovery. *Steamboat Co. v. McCraw*, 26 Ala. 189; *R. R. Co. v. Gladmon*, 15 Wallace, 401; *Johnson v. Hudson River R. R. Co.* 20 N. Y. 65; *Chicago, &c. R. R. v. Merrin*, 58 Ill. 300; *Foster v. Holly*, 38 Ala. 76; *Ill. &c. R. R. v. Brokes*, 55 Ill. 379; *Greenland v. Chaplin*, 5 Ex. R. (M. H. & G.) 243. "Negligence is ordinarily a question for the jury."—*Foster v. Holly*, 38 Ala. 76, 84. The only exception to this rule seems to be, where the facts admit of no inference opposed to the conclusion that the party was guilty of negligence.—*Hibber v. McCartney*, 31 Ala. 501.

3. "The allegation that the injury happened in consequence of the negligence of the defendant, implies that there
VOL. LVIII.

was no negligence, on the part of the plaintiff, to it."— *Govt. St. R. R. v. Hanlon*, 53 Ala. 70.

4. The acts of negligence, on the part of defendant, are stated with sufficient particularity.—*Foster v. Holly*, and other authorities cited.

5. The act of 1871-2, p. 83, provides, "when the death of a person is caused by the wrongful act, or omission of another," &c. Now, the term "person" and "another" embrace corporations as well as natural persons.—See Revised Code, § 1; *People v. Utica Ins. Co.* 15 Johns. R. 358; *Ontario Bank v. Bunnell*, 10 Wend. 186; *Assurance Society v. Commissioners*, 28 Barb. 318 ; 5 Abb. N. Y. Dig. 89, § 146, and cases above cited. In 1853, Rhode Island enacted a statute, the 21st section of which is quoted in *Steamboat Co. v. Chace*, 16 Wallace, 530, in almost the identical words of the act of 1871-2, above quoted.

6. A corporation can commit the homicide referred to in the act of 1871-2.—4 Black. Com. 177; 1 Bouv. L. D. 589. The words of the act show it was intended to prevent homicide in its most extensive sense.

7. It is not necessary to allege that the injury was caused by act or omission of officer, agent, or employee. A corporation being unable to act or omit, except by officers, employees, or agents, the allegation that the act was done by the corporation was equivalent to the allegation that it was done by an officer, agent, or employee.

8. The description of defendant in the margin of complaint was sufficient.—Code, 673 ; *Graham v. Gunn, Adm'r*, 45 Ala. 577 ; *Crimm v. Crawford*, 29 Ala. 623; *Montgomery v. Barbour*, 45 Ala. 277 ; *R. R. Co. v. Comons*, 45 Ala. 437 ; *R. R. Co. v. Thomas*, 42 Ala. 672 ; *Ware v. Bagging Co.* 47 Ala. 673 ; *Plow Co. v. Eslava*, 47 Ala. 384 ; 2 Brick. 344-5, sec. 241-2-3. In this case, leave was obtained to amend, and the amendment will be presumed to have been made.

9. The defendant assigned no ground for his objection to the question to Lockett as to a watchman being on the train, hence it was not error to overrule it.—*Wallace v. Rhea & Ross*, 10 Ala. 451 ; *Thompson v. Lee*, 31 Ala. 292. But the evidence was legal.

10. In *R. R. Co. v. Gladmon*, 15 Wallace, 401, the mere fact that a driver of a street car momentarily turned his head so as to look at right angles to the course in which he was driving, was sufficient to establish negligence. There horses were used and the rate of speed not proven to be greater than a foot passenger. Here steam is used, and a rate of speed from five to fifteen miles an hour.—*Chicago, &c. R. W. v. Gregory*, 38 Ill. 300.

11. The jury were not limited in amount of verdict, and are not confined to actual pecuniary damage sustained .by family of deceased.—Note, first, the words of the act of 1871-2, p. 83; *Oldfield v. N. Y. & Harlem R. R.* 14 N. Y. 310 —a decision or statute same as ours; 6 Abb. N. Y. D. 180, §§ 9-10-11-12-13-14; *S. C. v. 42 & Grand St. R. R.* 47 N. Y. 317.

12. The ruling upon the charges was proper.

STONE, J.—1. The following facts are undisputed : The defendant, corporation, was backing its train, pushing passenger and box freight-cars ahead of the engine, so that no person on the engine could see ahead of the train ; there was no brakeman or other person on the boxes, or stationed elsewhere, to keep a lookout ahead ; this was within the limits of the city of Opelika; and the plaintiff's intestate, walking on the track, in the direction the train was moving, was overtaken by the train, run over, and killed. Under the principles declared in the case of *Tanner v. Louisville & Nashville Railroad Company*, at this term, we hold this fixes the charge of negligence on the railroad company.—*Balto. & O. R. R. Co. v. Daugherty*, 36 Md. 366 ; *Brown v. A. & St. Jo. R. R. Co.* 50 Mo. 461, 467 ; *C. B. & Q. R. R. Co. v. Triplett*, 38 Ill. 483 ; *Beisiegel v. N. Y. Cent. R. R.* 34 N. Y. 622.

2. It is objected for appellant that the act "To prevent homicides," approved Feb. 5, 1872, Pamph. Acts 83, relates only to homicides by natural persons, and does not authorize an action against a corporation. Sections 2297, 2298, and 2300 of the Revised Code, are reprints of sections 1938, 1939 and 1941 of the Code of 1852. The act "To prevent homicides," approved Feb. 21, 1860, Pamph. Acts 1859-60, page 42, had expressly repealed sections 1938-9 of the Code, and enacted in their stead the following : "That in place of the sections of the Code hereby repealed, the following words be inserted, 'That, when the death of a person is unlawfully caused by another, the personal representative of the deceased may maintain an action against the latter at any time within two years thereafter, and may recover such sum as the jury deem just, and the amount so recovered, shall be distributed as personal property of an intestate is now distributed, and shall not be subject to the payment of the debts of the deceased. That the right of action hereby given shall survive against the personal representative of the person unlawfully causing the death as aforesaid." This statute, it will be observed, while it repealed, in express terms, sections 1938-9 of the Code of 1852, left section 1941 unrepealed. It is thus shown that the act of 1860, copied above, was ex-

pressly made applicable to homicides caused by the "wrongful act, omission, or culpable negligence of any officer or agent of any chartered company," &c., as well as to deaths caused by natural persons. If the provisions of that statute had been carried into the Revised Code as sections 2297-8, as they should have been, no one will question that they would have received such construction, and that the act "To prevent homicides," approved Fed. 5, 1872, would have been unnecessary, and would not have been enacted.—See Pamph. Acts 1871-2, page 83. But the author of the Revised Code overlooked and omitted the act of Feb. 21, 1860, and retained the repealed sections as 2297 (1938) and 2298 (1939). To remedy this oversight in the codifier, and to restore the statute thus omitted by him, the legislature, at the session of 1871-2, re-enacted the statute "To prevent homicides," with the same title, and, in all material respects, in language identical with that employed in the act of Feb. 21, 1860.— Pamph. Acts, 83. This statute repealed, by implication, sections 2297 (1938) and 2298 (1939) of the Revised Code. It did not conflict with section 2300 (1941), and hence did not repeal it. That section still stands. Section 2300, Revised Code, was evidently placed there, out of abundant caution, and to prevent misconstruction. It is relational and explanatory. It was not necessary; for "the word 'person' includes a corporation, as well as a natural person."—Code of Alabama, § 1. The laborious authors of the Code of Alabama, in place of sections 2297-8 of the Revised Code, have substituted the provisions of the act approved Feb. 5, 1872, and numbered it section 2641. In this, they simply expressed what every one must admit, that the later statute, being repugnant, repealed those sections. But there was no repugnancy between the later statute and section 2300, and it did not repeal that. They retained section 2300, and numbered it 2643. Being relational, it could relate to nothing except the preceding sections 2641-2, and they so placed it. In this they but carved out what we are convinced was the intention of the legislature. We hold, then, that the action authorized by the act of Feb. 5, 1872—Code of Ala. § 2641— may be prosecuted against corporations which, by their employes or agents, offend its provisions.—*Southwestern R. R. Co. v. Paulk*, 24 Geo. 356; *LaFarge v. Exch. Fire Ins. Co.* 22 N. Y. 352; *People v. Utica Ins. Co.* 15 Johns. 358; Comp. 73.

3. What we have stated above, shows that the City Court did not err in its rulings on the demurrers, or in the introduction of evidence.—See *Govt. Street Railroad v. Hanlon*, 53 Ala. 70. Neither did the court err in holding that want of care in plaintiff's intestate, contributory to the injury com-

plained of, was defensive matter, to be made out by defendant.—Ib. Charges two and three, given at the instance of plaintiff, are, possibly, a little too strong. Contributory negligence, when it exists, most generally springs out of the facts and circumstances which prove the injury. Hence, we can not say that, as matter of law, the onus of proving it rests on the defendant. It evidently rests on the defendant, unless the testimony which seeks to fix blame on the defendant, also inculpates the plaintiff. This, however, was a subject for an explanatory charge, if deemed material; and, as we think no injury resulted from it, it furnishes no ground of reversal.

4. The defendant asked several charges, which were refused. Charge three relates to positive and negative evidence. It was rightly refused, because it did not predicate that the witnesses should have equal means of knowledge, and be equally credible.—Sharswood's Starkie's Ev. 867, in margin; *Pool v. Devens*, 30 Ala. 672.

5. Charge four fixes an erroneous measure of damages, and was rightly refused on that account, although in other respects it may have asserted correct legal principles. Lacerated feelings of surviving relations, and mere capacity of deceased to make money if permitted to live, do not constitute the measure of recovery under the act of Feb. 5, 1872. Prevention of homicide is the purpose of the statute, and this it proposes to accomplish by such pecuniary mulct as the jury "deem just." The damages are punitive, and they are none the less so, in consequence of the direction the statute gives to the damages when recovered. They are assessed against the railroad "to prevent homicides."

The other charges asked are in conflict with our views above, and were rightly refused.

Judgment of the City Court affirmed.