[Memphis and Charleston R. R. Co. v. Copeland.]

# Memphis and Charleston Railroad Co. v. Copeland, Adm'rx.

### Action for killing of Intestate by Railroad Train.

1. *Contributory negligence; doctrine of discussed.*—The doctrine that one who has contributed proximately to the injury can not recover damages therefor, is now too firmly rooted in our jurisprudence to be open to further controversy; it rests not on the idea that one wrong sets off the other, or that one justifies the other, but on the broader ground, that when the negligence of the plaintiff has contributed proximately to the injury, the damage is considered of his own causing, and it is difficult, if not impossible, to determine the *quantum* of injury which resulted from the defendant's tortious or negligent conduct.

2. *Cases cited, and reaffirmed.*—The court reaffirms the principles declared in *Savannah and Memphis Railroad Co. v. Shearer*, 58 Ala 672; *Tanner v. Louisville and Nashville Railroad Co.*, 60 Ala. 621; *Mobile and Montgomery Railroad Co. v. Blakely*, 59 Ala. 471.

3. *Negligence; what fixes charge of, on railroad company.*—The failure to ring the bell or blow the whistle on the starting of the train, as required by the statute, fixes the charge of negligence on a railroad company; and any one injured thereby may recover damages for the injury, unless his own negligence or fault has disabled him from making complaint.

4. *Contributory negligence; what will defeat recovery.*—Plaintiff's intestate got off a passenger train of defendant, which had just arrived in a small incorporated town, and attempted to crawl between two cars of a freight train standing on a side track, with locomotive attached and steam up, ready to start, which stood between him and the depot. Those in charge of the freight train did not see him, and backed it without giving proper signals, just as he got between the cars,—*held :* The conduct of the deceased can not be classed less than negligence, bordering on recklessness, and contributed proximately to his death, and his personal representative can not recover, though defendant was negligent in not giving proper signals before its train started—the injury not having been inflicted wantonly or intentionally.

APPEAL from Lawrence Circuit Court.

Tried before Hon. W. B. WOOD.

This was an action brought by the appellee Lizzie Copeland, as the administratrix of Alexander Copeland, against the appellant, the Memphis and Charleston Railroad Company, to recover damages for the killing of her intestate by the cars of appellant.

The undisputed evidence discloses these facts: On the 31st day of January, 1877, Alexander Copeland, the intestate of plaintiff, came as a passenger on the regular passenger train of appellants, from Decatur, Alabama, to Town Creek, Alabama, which is an incorporated town and a regular station of appellants. The depot at Town Creek is on the south

[Memphis and Charleston R. R. Co. v. Copeland.]

side of the railroad, and there is a side track between the main line and the depot. It is necessary for passengers to cross said side track in getting from the cars to the depot. It was shown that there were two crossings for passengers to go to and from the cars to the depot; one east and the other west of the depot, where a public road known as the Green's Bluff road crossed the railroad. Copeland, the deceased, resided on the south side of the depot, about two hundred yards distant therefrom. At the time the passenger train on which Copeland was a passenger arrived, there was a long freight train, with locomotive attached and steam up, standing on the side track, (waiting for the passenger train to pass,) between the main line and the depot, which completely blocked up the crossings above referred to. Copeland waited about five minutes for the freight train to move, then tried to crawl between the cars of the freight train, and the cars being suddenly backed, he was crushed and killed. There was conflict in the evidence as to whether the whistle was blown or the bell rung before the freight train started; the witnesses for the plaintiff, three in number, testifying that no signal of any kind was given, and the witnesses for the appellant, who were the engineer, fireman and conductor of the freight train, testifying that both these signals had been given. The charge of the court was required to·be in writing, and contained, among other things, the following paragraph, to the giving of which the appellant duly excepted : " Or if you believe from the evidence that the freight train was standing still when the deceased got off the passenger train, and that the freight train was between the deceased and the depot, and that it blocked up the crossings, so that the deceased could not cross, and that he was attempting to cross between the cars, and that the train started without giving the signal by blowing the whistle or ringing the bell, or by warning him to get away, then the plaintiff is entitled to recover such damages as the jury may think [proper] under the circumstances according to the evidence." The appellant then requested separately the following written charges, which the court refused, and to which refusal the appellant excepted : " 4. If the jury believe from the evidence, that at the time of the accident, defendant's freight train was standing on its track ready and about to move, and that Copeland wishing to go to the other side of it, got between the cars of the train for any purpose, and not being seen by those in charge of the train, it was backed and Copeland run over and killed, then the jury must find for the defendant. 10.

If the jury believe the evidence, they will find for defendant."
The jury found a verdict in favor of the plaintiff, and assessed
her damages at twenty-five thousand dollars, and the railroad
company brings the case here by appeal.

The charge given, and the refusals to charge as requested,
are now assigned, among other things, for error.

HUMES & GORDON, WILLIAM COOPER, T. K. POSTON,
and JOSEPH WHEELER, for appellant.—The evidence in this
case clearly established the contributory negligence of Cope-
land, and that his death was the proximate result of his own
reckless, careless conduct, and this being established, the
defense of contributory negligence is complete, unless the
plaintiff could show that the injury was wantonly, recklessly
or intentionally done by the defendant.—*See Tanner v. Louis-
ville and Nashville Railroad Co.,* 60 Ala. 621; *Savannah and
Memphis Railroad v. Shearer,* 58 Ala. 672; *Government St.
Railroad v. Hanlon,* 53 Ala. 70.

Under the rules laid down in these cases, the evidence dis-
closes only a catastrophe unattended with any blame which
could render the company liable. These principles are amply
sustained by authorities from other States.—See 25 Mich.
290; 35 Mich. 469; 10 Allen, 532; 39 N. Y. 61; 18 N. Y.
422; 13 Ill. 548; 62 Ill. 326; 10 Kansas, 426; 29 Iowa, 55;
33 Ind. 335; 5 Otto, 697; ib. 439.

J. B. MOORE, D. P. LEWIS, JAS. JACKSON, GEO. TAYLOR,
and JAS. S. CLARK, *contra.*—The doctrine of contributory
negligence has no application when, by the arrangements of
the railroad, it was made necessary to cross between the cars.
See *Kline v. Jewell,* 26 N. J. Eq. 474. The blocking up of
the crossings was on the part of the defendant unauthor-
ized and illegal.—*Ranch v. Loyd,* 31 Pa. 358. The neg-
ligence of the deceased, if any existed, was caused by the act
of defendant, and the plaintiff is entitled to recover.—1 Sand.
89; 17 Ill. 406; 24 Ga. 356; 13 Peters, 181; 22 Wall. 341.
The evidence as passed on by the jury, shows clearly that no
signals were given. The failure to give these signals fixes
conclusively the charge of negligence on the railroad com-
pany.—Code of 1876, § 1700; 48 Cal. 409; 10 Kansas, 426;
62 N. Y. 180; 22 Ill. 264.

STONE, J.—The doctrine, that one who has contributed
proximately to the injury, can not recover damages therefor,.

[Memphis and Charleston R. R. Co. v. Copeland.]

is too firmly rooted in our jurisprudence to be open to further controversy. This principle does not rest on the idea that one wrong sets off the other, or that one justifies the other. It is founded on the broader ground, that when the negligence of the plaintiff has contributed proximately to the injury, the damage is considered of his own producing, and it is difficult, if not impossible to determine the *quantum* of injury which resulted from the defendant's tortious, or negligent conduct. It is not that, in such case, the defendant has done no wrong. His dereliction of duty may be so patent, as to render it morally certain that, without such dereliction, the injury would not have resulted. This is not the test; for it is equally true, in cases of proximate contributary negligence, that without the plaintiff's fault, the injury would not have resulted. To allow such plaintiff to recover, would be to permit a recovery for the proximate consequences of the plaintiff's own negligence.—*Tanner v. Louisville and Nashville Railroad Co.* 60 Ala. 621. And courts of common law can not institute a comparison of the degrees of negligence between plaintiff and defendant. *South and North Ala. R.R. v. Sullivan*, 59 Ala. 272. We have so fully discussed these questions in the cases cited, that we consider any further discussion unnecessary. — See, also, *Savannah and Memphis R. R. Co. v. Shearer*, 58 Ala. 672; and *M. & M. Railway Co. v. Blakely*, 59 Ala. 471.

The plaintiff's intestate was crushed and killed by a freight train of the defendant. The witnesses are not agreed on the question, whether the whistle was sounded, or the bell rung, before the defendant's train was moved. The charge of the court submitted that question to the jury, and, to find the verdict they did, if they regarded the charge of the court, it was necessary for them to find that neither of these signals was given. We must then deal with the case as if neither was given. Failing to sound the whistle, or ring the bell, was a breach of duty enjoined by statute, and fixes the charge of negligence on the railroad corporation; and any one injured thereby may recover damages for the injury, unless by his own negligence or fault he has disabled himself from making complaint. The undisputed facts are, that plaintiff's intestate attempted to cross defendant's railroad track, by passing under the coupling of two box-cars, which were coupled together, and constituted part of a train, then standing temporarily on the side-track; placed there, with locomotive and steam up, to allow a passenger train to pass it. While in the act of passing under the coupling, the train

was moved, and he was knocked down, run over and killed. The attempt thus to pass between the cars of a train, which he must have known was liable to be moved, can not be classed as less than negligence. It borders on recklessness. It certainly contributed—proximately contributed—to the very sad disaster which followed. If the usual signal had been sounded, probably intestate could have extricated himself in time to save his life. If he had not attempted to cross over between the cars, he would have been in no peril, and would have suffered no injury. Both were in fault. The recent case of *Stillron v. Han. & St. Jo. R. R.*, published in Central Law Journal of August 9th, 1878, is not distinguishable from this in principle. In that case, two freight trains were on the side-track, their rear cars being in about twenty inches of each other. They blocked up the main street of the village, which contained about one hundred and fifty inhabitants. The father of plaintiff had passed through this opening, and returning a few moments afterwards in company with his little daughter, as they "approached within five or six feet of the opening, in answer to an inquiry from the daughter as to how he got through, the father pointed out the opening, and in his immediate view the daughter proceeded to follow his directions in passing through the opening, and was injured by the cars going together; the cars being moved by an engine that was about starting one of the trains from the side-track. This opening was a few feet east of the east line of a street-crossing. One of the trains entirely blocked up the street, and it was not shown that the men in charge of the train knew that any one was attempting to pass through the opening. The suit was by the daughter to recover for the injuries she had sustained. It was held that the accident occured at a point where the train-men had a right to presume no one would attempt to cross; and, that where persons attempt to cross a railway at an accidental opening between cars, not in a highway, nor so placed as to invite the belief that it was left open for persons to pass through, they do so at their own peril. That the obligations, rights, and duties of railroad companies, and travellers crossing them, are mutual and reciprocal, and no greater degree of care is required of one than the other. The judge, in delivering the opinion of the court, said: "The injury which this suit sought to redress, to a bright little girl of eight or nine years of age, remarkably sprightly and attractive, the pet of her father and of the entire village where they lived, is calculated to excite the

sympathy of jurors and judges. But in the administration of law, considerations of this sort must be discarded, and the case must be investigated and determined upon established legal principles, applicable alike to all." One principle of the case last cited is not in harmony with our decision in *Government Street Railroad v. Hanlon*, 53 Ala. 70. We allude to the ruling by which the infant was made to account for the negligence of its father. With that exception, we fully approve what is there decided, and hold that the principles are applicable to the present case.

That portion of the general charge which was excepted to is not in harmony with these views, and should not have been given. The fourth and tenth written charges asked should have been given.

Reversed and remanded.