# The Central Railroad and Banking Company of Georgia *v.* Letcher.

*Action against Railroad Company for Personal Injuries caused by the Running of its Trains.*

1.   *Negligence; failure to give signals required by statute; contributory negligence.*—While the negligence of the employees of a railroad company in failing to sound the whistle or to ring the bell, as required by the statute, immediately before and at the time of leaving a depot, is of itself and in itself negligence, involving the company in liability for all injuries to person or property resulting from the failure; still the statute does not relieve one in peril of injury from such failure and consequent negligence, from the duty and necessity of taking ordinary care to avoid the injury, nor does it modify or abrogate the principle, that a plaintiff shall not recover for injuries, not wanton in their character, to which his own negligence directly and immediately contributes.

2.   *Contributory negligence; what will defeat recovery.*—Plaintiff having boarded defendant's passenger train, for a lawful purpose, on its arrival at one of the regular stations on the line of its railroad, was detained by his business until after the train had started on its journey; and while the train was moving from the depot, its speed increasing each moment, he, of his own accord, to prevent being carried off, and without notifying any of defendant's employees of his presence, and without requesting any of them to slow or stop the train, and without any effort to arrest its progress, walked from the platform of one car to that of another, and with papers in his right hand, descended the steps of the car and jumped from the moving train at right angles thereto and fell, and in the fall his left arm was caught under the wheel of the car and crushed: *Held*, that the injury sustained by the plaintiff was attributable directly and immediately to his own thoughtless and reckless act, and he can not therefore recover, though the defendant was negligent in not giving the signals required by the statute, before and at the time the train left the station.

Appeal from Lee Circuit Court.

Tried before Hon. H. D. Clayton.

This was an action by James F. Letcher, the appellee, against The Central Railroad and Banking Company of Georgia and The Georgia Railroad and Banking Company, corporations owning and operating a railroad in this State, the appellants, for the purpose of recovering damages for personal injuries sustained by the appellee in jumping from the train of the appellants while it was in motion. The companies pleaded not guilty, and upon· the issue thus made the cause was tried. The ·plaintiff· in the lower court was examined as a witness in his own behalf, and his testimony was, in substance, as follows: On the evening of March 7th, 1879, he went on board of one of the passenger trains of the defendants, at its regular depot in the town of· Auburn, for the purpose of handing a note to a young·lady, who was expected to pass through on the train on her way to· Montgomery, at the same time, at the request of an acquaintance, escorting on the train another lady who intended becoming a passenger thereon. There was no conductor in the ladies' car when he entered, and he had some trouble, and experienced. some delay in finding a seat for the lady whom he had escorted on board of the train, but finally succeeded in obtaining one near the door. By the time the lady had taken her seat the· train started, and plaintiff, turning to the lady for whom he had the note, and who was seated immediately across the aisle from the one for whom he had obtained the seat, told her that he had a note for her, but that he did not have the time to give it to her, he at the same time continuing to move towards the· door of the car,.and taking out some letters from the breast pocket of his coat. Without stopping he went out the door, and finding a man on the platform of the car out of which he had come, and in the way of his getting off therefrom, he· stepped forward on the rear· platform of the next car, and thence down the steps and directly off the car at right angles. thereto, still having in his right hand the letters which he had taken from his coat pocket, while he was in the car. He did not remember whether he took hold of the railing with his left hand or not. At the time he stepped off the car, the train was running at the rate of five or six miles an hour. As his foot touched the ground he was tripped by the two motions,. and fell to the ground, and as he fell his left arm was caught under the wheel or some portion of the car, and was so crushed and mutilated that it had to be amputated. He did not hear the· bell ring, or the whistle blow, immediately before or at the time the train started.

Several other witnesses were examined, and the evidence was. conflicting as to the length of time the train stopped at the depot, some testifying that it did not stop a minute, others that it stopped two or three minutes, and as to whether the bell rang

or the whistle blew immediately before and at the time of starting, and also on other points. But the view of the case taken by the court renders it unnecessary to further set out the testimony. In addition to numerous other charges, the defendants asked the court in writing to charge the jury, that if they believed the evidence they must find for the defendants. The court refused to give the charge, and the defendants excepted. The jury returned a verdict for the plaintiff, and a judgment was rendered thereon in his favor. The ruling of the Circuit Court above noted is one of the errors here assigned.

GEO. P. HARRISON, for appellants.

J. M. CHILTON, W. H. BARNES and W. J. SAMFORD, contra.

(No briefs came to the hands of the reporter.)

BRICKELL, C. J.—In *M. & C. R. R. v. Copeland*, 61 Ala. 376, the undisputed facts were, that plaintiff's intestate attempted to cross defendant's railroad track, by passing under the coupling of two box cars, which were coupled together and constituted part of a freight train, then standing temporarily on the side track, placed there with locomotive and steam up, to allow a passenger train to pass it. While in the act of passing under the coupling, the train was moved, and he was knocked down, run over and killed. There was conflict in the proof as to whether the required signals were, or were not given; but upon the assumption that the signals required by statute were not given, and upon a consideration alone of the undisputed facts, we held, that the attempt thus to pass between the cars of a train, which he must have known was liable to be moved, could not be classed as less than negligence, bordering on recklessness. "It certainly contributed," we said, "proximately contributed to the very sad disaster which followed. If the usual signals had been sounded, probably the intestate could have extricated himself in time to save his life. If he had not attempted to cross over between the cars, he would have been in no peril, and suffered no injury. Both were in fault." Our decision in that case was, that there could be no recovery against the railroad company, although there was on its part negligence in failing to give the signals required by statute, immediately before, and at the time of the moving or departure of the train, the injury not having been inflicted wantonly or intentionally.

Applying the same principles to the facts of this case, as shown by the evidence of the plaintiff, and deducing therefrom every inference advantageous to him, which may be fairly and

[Cen. R. R. and Banking Co. v. Letcher.]

properly deduced; excluding all evidence favorable to the defendants, the injury of which he complains is attributable directly and immediately, not to the negligence imputed to the defendants, but to his own thoughtless and reckless act. The risk he assumed, and assumed only to avoid a slight temporary inconvenience, in view of the circumstances, was more hazardous than that Copeland assumed. When he endeavored to pass under the train, it was motionless, and there was no indication that it would be moved before he would have passed beyond it. The train here was moving from a regular depot, on its accustomed journey, the speed increasing every moment; all who were in charge of it were ignorant that the plaintiff was upon it; and without notice, or request to any of them to slow or stop the train, without an effort to arrest its progress, of his own accord, his right hand filled with papers taken from his pocket, he walks from one platform to another, and descends in a manner that was almost certain to cause him to fall. To permit him to recover of the defendants for the injuries sustained by the fall, would be simply compelling them to compensate him for his own wrongful and reckless act. Under these circumstances, the court should have instructed the jury, on the request of the defendants, that the plaintiff had no right of recovery. There was really no question to submit to the determination of the jury, without seeming to invite them, under the influence of sympathy for the sufferings of the plaintiff, or upon conjecture and speculation, to render a verdict it would have been the duty of the court to set aside.—*M. & C. R. R. Co.*, *supra*; *R. R. Co. v. Houston*, 95 U. S. 697.

As was said by Black, C. J., in *R. R. Co. v. Aspell*, 23 Penn. St. 147: "It has been a rule of law from time immemorial, and it is not likely to be changed in all time to come, that there can be no recovery for an injury caused by the mutual default of both parties. When it can be shown that it would not have happened except for the culpable negligence of the party injured, concurring with that of the other party, no action can be maintained." The negligence of the employees of the defendants— the failure to sound the whistle or to ring the bell, as required by the statute, immediately before and at the time of leaving the depot, involved the defendants in liability for all injuries to person or property, resulting from the failure. Of itself, and in itself, it was negligence.—*M. & C. R. R. Co. v. Copeland, supra*; 2 Thomp. Neg. 232, § 8. The statute does not relieve whoever may be in peril of injury from the neglect of the servants and employees of the railroad company to observe its requirements, from the duty and necessity of taking ordinary care to avoid the injury; nor does it modify or abrogate the principle, that a plaintiff shall not recover for unintentional

injuries—for injuries not wanton—to which his own negligence directly and immediately contributes.—*R. R. Co. v. Houston, supra.*

The only injury which could have resulted to the plaintiff, from the neglect to give the signals for the departure of the train, was the inconvenience of being carried from his home; the loss of time, and the labor or expense of returning. These were the immediate, direct consequences of the neglect. To avoid them he was not justified in putting in jeopardy life or limb; and if he should, and other injury result, the compensation he can rightfully demand is not increased. What would have been his rights, if there had been the presence or pressure of impending peril of personal injury, and to avoid it, he had leaped from the train; or, what would have been his rights, if under the advice, direction, or command of an agent or employee of the defendants, he had left the train as he did, are not questions now for consideration. In the absence of such peril, or of such advice, direction, or command, or of some other circumstance, lessening the carelessness of the act, or giving to it the color of necessity, leaping from a moving train by all the authorities is esteemed negligence, debarring a recovery because of the prior negligence of the servants or agents of a railroad company. The question is fully considered and discussed in authorities to which we refer.—*Lucas v. N. B. & T. R. R. Co.,* 6 Gray, 64; *Morrison v. E. R. Co.,* 56 N. Y. 302; *Burrows v. E. R. Co.,* 63 N. Y. 556; *R. R. Co. v. Aspell,* 23 Penn. St. 147; *Damont v. N. O. & C. R. R. Co.,* 9 La. An. 441; *J. R. R. Co. v. Hendricks,* 26 Ind. 228; *Dougherty v. C. B. & Q. R. R. Co.,* 86 Ill. 467; *Lambeth v. N. C. R. R. Co.,* 66 N. C. 494; *Doss v. M. K. & T. R. Co.,* 59 Mo. 27; *Nelson v. A. & P. R. R. Co.,* 68 Mo. 593; *L. S. & M. S. R. R. Co. v. Bangs,* 47 Mich. 470.

The Circuit Court erred in several of its rulings, and especially in refusing, on request, to charge the jury on the evidence to find a verdict for the defendants.

Reversed and remanded.