# East Tennessee, Virginia & Georgia Railroad Co. *v.* King.

*Action against Railroad for Damages for Personal Injury.*

1. *Measure of damages.*—The statute which gives a right of action to the personal representative of a person whose death was caused by the " wrongful act or ommission of another," and declares that he may " recover such sum as the jury may deem just " (Code, § 2641), only applies to cases in which death resulted from the wrongful act or omission, leaving other actions for personal injuries to be governed, as to the measure of damages, by other statutory provisions (Ib. §§ 1699, 1700), or by the principles of the common law.

2. *Railroad trains moving backward; duty to keep watchman.*—The rule laid down in *Railroad Co. v. Shearer*, (58 Ala. 672), and *Railroad Co. v. Sullivan*, (59 Ala. 272), as to the duty of the person in charge of a railroad train, moving backward, to keep a watchman or lookout to guard against danger, does not apply to a section of cars which, being on a down grade on a side track, is set in motion by another section

[East Tennessee, Virginia & Georgia R. R. Co. v. King.]

with which the engineer is attempting to make a connection, and if the rule were applicable, the duty would be performed by having a watchman, as in this case, standing by the cars with which he was attempting to couple his own.

3. *Failure to give cautionary signals on moving trains.*—A recovery can not be had for personal injuries caused by a moving railroad train, merely because the engineer in charge of the train failed to give the cautionary signals prescribed by the statute (Code, §§ 1699, 1700), when it appears that the injuries did not result from such failure; nor when the plaintiff's own negligence contributed proximately to the injury.

4. *Contributory negligence.*—A woman who, while standing on a railroad track in a narrow space between two stationary cars, talking with a person who was on one of them, is injured by the other car being propelled against her, having been put in motion by another section of cars above with which an engineer was attempting to couple his engine and cab, is guilty of contributory negligence, and can not recover damages for the injury, when it appears that the engineer was not guilty of any negligence, and that neither he nor any other person connected with the train knew that she was on the track, or could see her from their proper positions.

APPEAL from the Circuit Court of Colbert.

Tried before the Hon. H. C. SPEAKE.

The injury for which the appellee, Elizabeth King, brought this suit, was received by her June 28, 1884, while standing upon a side track of the appellant at Leighton, an incorporated town and a station on appellant's road in Colbert county. This side track ran from east to west, and was enough down grade for the cars to move westwardly unless held in place by brakes. At the time of the accident, there was upon the track at its eastern end an engine and two cars; west of the engine and cars attached, was a public road crossing; a few feet west of the public crossing, which had been kept open, were two flat cars, and a short distance west of these two cars, was a section of box and flat cars, the most westwardly of which was a flat car which struck plaintiff; west of this, a distance of about four feet, stood the cook car of a construction train connected with other cars to its west. In this space of four feet between the cook car and the cars to its east, the plaintiff was standing, talking to a woman on the platform of the cook car, at the time she received the injury. Immediately south of this spot, was the cotton platform from two to three feet high, and north of it, was the main track, and there was no public crossing or high way at this spot. The accident occurred in this way: the engine and cars east of the public crossing backed westwardly, at the rate of about a mile an hour, across the public crossing to make a coupling with and pull forward the two flat cars standing west of the crossing, and in making the coupling, the two flat cars were impelled against the section of box and flat cars west of them, which

set these cars in motion, and plaintiff was caught between the most westwardly of these cars and the cook car of the construction train.

The testimony on the part of the plaintiff tended to show, that no signal of the moving of the engine was given before the accident, either by ringing the bell or blowing the whistle or otherwise, and that there was no brakesman or watchman on the section of loose cars which struck the plaintiff. On the part of the defendant, the testimony tended to show, that the whistle was blown three times as the engine commenced to back and the bell was rung while backing, and on one of the cars attached to the engine was a brakesman at his post, and a flagman and switchman were stationed by the two flat cars with which the coupling was to be made, and that plaintiff was not seen and could not be seen where she was standing by the employees of defendant, who were conducting and looking after the coupling of said cars. There was testimony that plaintiff was warned of her danger by persons standing near her at the time of the accident, and there was testimony to the contrary.

The defendant pleaded, in short by consent, "not guilty," and contributory negligence on the part of the plaintiff.

The defendants specially and separately excepted to each of the following portions of the general charge of the court, marked respectively, A, B and C.:

A. "But plaintiff says, that the defendant is guilty of negligence in not having some one at the rear of the car to give warning to persons on the track, and in not having the brakes on the cars. This is a question for you to decide."

B. "If you believe from the evidence, that defendant was guilty of negligence in failing to place a lookout on the train of cars or have the brakes applied, and that such injury resulted from such failure, plaintiff would be entitled to recover, unless plaintiff by her own negligence contributed to her own injury."

C. "If you find for the plaintiff, you will assess her damages at such sum as you may think she is entitled to recover under the proof, and not exceeding the sum of $499.00."

The court, on the request in writing of plaintiff, gave the following charges, to each of which the defendant separately excepted :

1. "In the employment of steam as a motive power, railroad companies are held to the exercise of extraordinary diligence—that degree of diligence which very careful and prudent men exercise in the conduct of their own affairs; and this requires that they shall employ very careful and prudent men, and that the persons employed by them shall

exercise such care and diligence as very careful and prudent men exercise in the conduct of their own private interests and important enterprises."

2. "The purpose of the statute under which this suit is brought is compensatory and punitive, not only to give compensation to the injured person, but its purpose is to inflict punishment on the corporation or person who inflicts the injury, to stimulate to greater diligence, and if the jury find for the plaintiff, they will assess such damages as they deem just under the circumstances, not to exceed the amount claimed."

3. "If the jury believe from the evidence that the injury was caused by the negligence of the railroad company, to which the plaintiff did not contribute proximately, then the plaintiff is entitled to recover."

4. "If the manner of the witnesses" (naming two of defendants' witnesses, Goodloe and Rutland), "were such as to satisfy the jury that they testified falsely, then the jury may discard their testimony."

The defendant requested in writing the following charges, which were refused by the court, and to the refusal of each of which the defendant separately excepted:

1. "If the jury believe the evidence, they will find for the defendant."

2. "The act of 1872, which is now section 2641 of the Code, has nothing to do with this case; and there can be no recovery of damages in this case, punitive in their nature or as a *solatium* to plaintiff's injuries."

3. "This is a suit for personal injuries, not for injuries which have resulted in death, and there are no damages that can be awarded in this case by way of punishment."

4. "There can be no recovery in this case of damages for plaintiff's mental agony at the time of the injury or at any time since."

5. "There can be no recovery in this case for punitive or exemplary damages."

6. "Gross negligence is negligence amounting to recklessness, that is, to a degree where a generally malicious or malignant purpose careless of consequences might perhaps be presumed, although no hostile purpose was entertained against an individual; and if the jury believe the evidence in this case, unless they find the defendant was guilty of gross negligence, they are bound to render a verdict in favor of the defendant."

7. "Although plaintiff is entitled to recover for the disabling effects of an injury, such as that claimed to have been sustained in this case, prospective as well as past, yet

[East Tennessee, Virginia & Georgia R. R. Co. v. King.]

although the jury should find from the evidence that the injury was occasioned by the carelessness and negligence of the defendant, its agents or servants, in the proper discharge of their duty, then the plaintiff can recover only the actual damages shown by the evidence before the jury to have been incurred."

8. "It is not the duty of the jury to render such a verdict as shall be a warning to the defendant or a punishment to it under any and all the facts and circumstances of this case."

9. "The failure of the railroad company to have any one stationed at the point where the plaintiff was injured as a lookout or watchman, was not negligence *per se* in this case."

10. "It was not the duty of the railroad company to have a flagman, or switchman, or watchman, or other agent, or lookout at the point where the plaintiff was injured; and the failure of the railroad company to have any such person at such point, was not *per se* negligence."

11. "If the jury believe from the evidence, that at the time of the accident defendant had two cars standing on its side track a short distance apart with other cars standing beyond each of them on the same track, and that plaintiff got between said two cars for any purpose, and not being seen by those in charge of the train, it was backed down to couple on two other cars and thereby caused them to strike the cars next which plaintiff stood and she was caught and injured, then the jury must find for the defendant."

12. "Although the jury should find from the evidence, that the defendant had none of its servants or employees near the plaintiff as she stood between the cars on its track, that did not constitute negligence on the part of the defendant. It is not required of railroad companies, that they must take upon themselves the care or protection of persons wherever they choose to enter upon and occupy their track; or that they must from fear of doing hurt to such persons refrain from using their own premises in any lawful manner beneficial to themselves. Therefore, unless the jury believe from the evidence, that the injury to plaintiff was the result of the positive misconduct or carelessness of the defendant, its agents or servants, they are bound to render a verdict for the defendant."

HUMES, GORDON & SHEFFEY, for appellant.—Charge No. 7, asked by the defendant, asserted a correct legal proposition and its refusal was error.—*Bay Shore Co. v. Harris*, 67 Ala. 8. The portions of the general charge marked A

and B, were abstract, there being no evidence whatever of
the facts hypothetically stated therein, and they misled the
jury.—*Martin v. Brown, Shipley & Co.*, 75 Ala. 443 ; *M. & E.
R. R. v. Kolb*, 73 *Ib.* 397 ; *Richardson v. State*, 54 *Ib.* 158 ;
*Herring v. Skaggs*, 73 *Ib.* 447.    They were, also, erroneous
in referring to the jury the question, whether such alleged
omission constituted negligence.—*Ala. Great. So. R. R. v.
Jones*, 71 Ala. 488.    Clause "C" of the general charge,
charge No. 2 given for plaintiff, and charges 2, 3, 4, 5 and 8
asked by the defendant, present substantially the same
questions :   1st, whether in a case of injuries not resulting
in death, § 2641 of the Code  authorizes the jury to award
punitive damages ; and 2d. There being no proof of gross
negligence, whether the jury should have been instructed
that they could award punitive damages under the evidence
in this case.    It is well settled, that the right to recover
exemplary damages, must always depend upon the degree of
negligence, whether simple or gross.—*S. & N. Ala. R. R. Co.
v. McLendon*, 63 Ala. 266 ; *M. & M. R. R. v. Ashcraft*, 48 *Ib.*
15 ; *Barbour Co. v. Horn*, 48 *Ib.* 566, 576 ; *Wilkinson v. Searcy*,
76 *Ib.* 176 ; *S. & N, Ala. R. R. Co. v. Huffman*, 76 *Ib.* 492 ;
Shearman & Red. on Neg. § 600 ; *Phila. &c., R. R. v.
Hoeplich*, 62 Md. 300 ; *Louisville, &c., R. R. v. Guinan*, 11 La.
98 ; *Fitzgerald v. Chicago, &c., R. R.*, 50 Iowa, 79.    The
object of § 2641 of the Code is the prevention of homicide,
the preservation of life, not the prevention of personal in-
juries merely.—*S. & N. Ala. R. R. v. Shearer*, 58 Ala. 672 ;
*Same v. Sullivan*, 59 *Ib.* 272.    Without the aid of a statute,
the jury can not inflict punishment by the imposition of
smart money in a case like this.    The plaintiff, on her own tes-
timony, was guilty of such contributory negligence as pre-
vented a recovery, and charge 1 should have been given.
The following cases cited, and discussed at length : *Van
Schaich v. Hudson River R. R.*, 43 N. Y. 527 ; *Tully v. Fitch-
burg R. R.*, 134 Mass. 499 ; *Dunn v. R. R.*, 78 Va. 645 ;
*Rudd v. Richmond & Danville R. R. Co.* Va. (June, 1885) ;
*Pzolla v. Mich. R. R. Co.*, 54 Mich. 273 ; *Griswold v. Chicago,
&c., R. R. Co.*, Wis. (Dec. 1885) ; *M. & C. R. R. Co. v. Cope-
land*, 61 Ala. 376 ; *Stillson v. R. R. Co.*, 67 Mo. 671 ; *Thomp-
son v. Duncan*, 76 Ala. 334 ; *R. R. Co. v. Letcher*, 69 Ala. 106;
*Batton v. S. & N. Ala. R. R. Co.*, 77 Ala. 591 ; *M. & E. Ry.
Co. v. Thompson*, 77 Ala. 458.    The authorities *supra*, sus-
tain charges 6 and 11.    Charges 9 and 10 should have been
given.—*Batten v. S. & N. Ala. R. R. Co., supra; City Council
v. Wright*, 72 Ala. 411 ; *Lanier v. Youngblood*, 73 *Ib.* 587.
Charge 12 is sustained by the case of *E. T. Va. & Ga. R. R.
Co. v. Bayliss*, 74 Ala. 150, 162.    Charge 4, given for plain-

tiff, should have been refused.—*Jones v. Jones*, 57 Mo. 142, 143.

J. B. MOORE and JAMES JACKSON, *contra.*—As to the clauses of the general charge excepted to, and to the charges given for plantiff, the following cases cited and discussed : *S. & N. Ala. R. R. Co. v. Sullivan*, 59 Ala. 282; *Same v. Shearer*, 58 *Ib*. 672 ; *M. & E. Ry. Co. v. Chambers & Abercrombie*, — Ala. Dec. T., 1885 ; *S. & N. Ala. R. R. Co. v. McLendon*, 63 Ala. 266 ; *Wilkinson v. Searcy*, 76 *Ib*. 176 ; 60 *Ib*. 621 ; 61 *Ib*. 376 ; 67 *Ib*. 119 ; 71 *Ib*. 550 ; 75 *Ib*. 113 ; *Thompson v. Duncan*, 76 *Ib*. 334; *Ex parte McAnally*, 53 *Ib*. 495 ; *Ex parte Weaver*, 55 *Ib*. 250.   As to the twelve charges asked by defendant : 29 Ala. 240 ; 10 *Ib*. 600 ; 11 *Ib*. 822 ; 1 Brick. Dig. 335, § 3 ; *Smoot v. M. & M. R. R. Co.*, 67 Ala. 13 ; *Hall v. Posey*, — Ala., Dec. T., 1885 ; *L. & N. R. R. Co. v. Allen*, — Ala. Dec. T. 1885 ; 4 Ala. 432 ; *Central R. R. Co. v. Letcher*, 69 *Ib*. 106 ; *S. & N. R. R. v. Sullivan*, *supra ;* 62 Ala. 494 ; *Ward v. Winston*, 20 *Ib*. 167 ; *Robinson v. Bullock*, 66 *Ib*. 548 ; *Callem v. McDaniel*, 72 *Ib*. 96.   The 12th charge was misleading, argumentative and partly abstract.—1 Brick. Dig. 344, § 126 ; *Tyree v. Lyon et al.*, 69 Ala. 1.

STONE, C. J.—The act "To prevent homicides," approved February 5, 1872—Sess. Acts 1871-72, p. 83—is now § 2641 of the Code of 1876.   It provides for civil redress, when death ensues from the " wrongful act or omission of another."   Such redress was unknown to the common law.   To come within its provisions there must be a homicide, the result of the wrongful act or omission of another.   If death does not follow, the statute lends no aid to the case.   It must then be governed by the principles of the common law and our general statutes on the subject, which determine when and to what extent civil redress can be recovered for personal injuries less than fatal, which were caused by the negligent conduct of another.   The measure of recovery, whether simply compensatory or punitive—sometimes called exemplary—depends on the degree of negligence, whether simple or gross.—*McAlpine v. Ala. Gt. So. R. R. Co.* (in MSS).   Section 2641 of the Code has nothing to do with this case.

In *S. & M. R. R. Co. v. Shearer*, 58 Ala. 672, and in *S. & N. R. R. Co. v. Sullivan*, 59 Ala. 272, we declared that in certain conditions, trains moving backwards should maintain a watchman or lookout, to guard against danger.   The injury complained of in this case does not fall within that rule.   In addition, the switchman was in a position to warn

all persons of proximate danger to be apprehended from the backing train, and thus the rule, if applicable to this case, would seem to have been complied with.  The rule does not extend to such consequential injuries as are complained of in this case.  The present case is governed by §§ 1699, 1700 of the Code of 1876.

Having shown that section 2641 of the Code has nothing to do with this case, it follows that several rulings of the Circuit Court were erroneous.  Among them we may specify charge 2, given at the instance of plaintiff, and all other rulings which treat that section of the Code as bearing on the questions raised.  The first paragraph of charge 2, asked by defendant, also asserts a correct legal proposition. We will consider its second clause further on.

Having shown that under the facts of this case there was no special duty resting on the management to have a watch-man stationed near the opening where plaintiff received her injury, the court should not have given the portions of the general charge excepted to as A and B, and should have given charges 9 and 10, asked by defendant.  Charge 12, asked by defendant, asserts a correct legal proposition, although one of its clauses is objectionable as being argumentative ;  the clause commencing :  " Or, that they must from fear," etc.  That clause should be eliminated.

The questions raised by the testimony are the following : Did the defendant, when putting its train in motion, blow its whistle or ring its bell, and continue to do so ?  The burden was on the railroad of satisfying the jury it did this. If the jury are reasonably convinced by the testimony that this was done, then the plaintiff can not recover.  If the jury are not satisfied this was done, then their next inquiry is, did this failure cause plaintiff's injury ?  Would she probably have escaped injury, if the signal of motion had been given.  In connection with this, is also the inquiry, did she contribute proximately to the injury she suffered ?  If she did, this also defeats her action.

The first charge asked for defendant was, that if the jury believed the evidence, they must find for defendant.  This charge was proper, only in the event the testimony most favorable to plaintiff convicted her of proximate contributory negligence.  There is conflict in the testimony which can not be reconciled ; but none of the witnesses vary in their statements of the circumstances under which plaintiff entered the little opening between the cars and stood upon the track, nor the purpose for which she did so.  All agree in stating she went of her own accord, on her own business or pleasure, and there is no testimony from which it can be

[Frazer, Adm'r, v. South & North Ala. R. R. Co.]

inferred that any of the employees of the railroad knew she was there, or could have known it without walking a considerable distance along the track. Viewed in the most favorable light for her, the plaintiff, according to the testimony, was guilty of negligence in being where she was, and that negligence contributed proximately to the injury she complains of. This principle is fully sustained by the following authorities.—*VanShaick v. Hudson River R. R. Co.*, 43 N. Y. 527 ; *Pzolla v. Mich. Cen. R. R. Co.*, 54 Mich. 273 ; *Tully v. Fitchburg R. R. Co.*, 134 Mass. 499 ; *Dun v. S. & R. R. R. Co.*, 78 Va. 645 ; *M. & C. R. R. Co. v. Copeland*, 61 Ala. 376 ; *Railroad Co. v. Letcher*, 69 Ala. 106 ; *Thompson v. Duncan*, 76 Ala. 334 ; *M. & E. Ry. Co. v. Thompson*, 77 Ala. 458. Charges 1 and 11 ought to have been given.

What we have said above will probably be decisive of this case. We need not, therefore, consider the question of damages. The doctrine is fully discussed in the following cases, from which we have no wish to depart.—*Barbour Co. v. Horn*, 48 Ala. 566 ; *S. & N. R. R. Co. v. McLendon*, 63 Ala. 266 ; *Lienkauf v. Morris*, 66 Ala. 406 ; *Wilkinson v. Searcy*, 76 Ala. 176 ; *S. & N. R. R. Co. v. Huffman*, *Ib.* 492.

There is no testimony in this case to authorize vindictive damages.

Reversed and remanded.