## Peter Lane *vs.* Inhabitants of the Fourth School District in Weymouth.

Individual members of a school district have no right to appear and be heard in defence of an action against the district.

This was an action of assumpsit, commenced in the court of common pleas, at the December term 1844. On the return day of the writ, Elias Richards and other persons, constituting and representing a minority of the ratable inhabitants of said alleged school district, applied to the court for leave to appear and defend the action; averring that they verily believed that they had a good and valid defence, and could substantiate the same. The plaintiff thereupon produced an attested copy of the following vote of said district: " At a egal meeting of the voters of the Fourth School District in Weymouth, held on Monday evening, December ninth, A. D. 1844, it was voted to choose a committee of one, to settle the action of Peter Lane against the district. F. A. Kingsbury, Esq. was chosen." Whereupon said action was continued to April term 1845, for advisement, when the said

Richards and others renewed their motion, in writing, and offered to show that they were such ratable inhabitants, and, as such, interested in and parties to said action. The prayer of said motion was refused by the court, and the defendants were ordered to be defaulted. To this ruling and order, said Richards and others alleged exceptions.

*M. S. Clarke*, in support of the exceptions. All persons, who are technically parties to a suit, have a right to appear and defend. By the 15th article of the Bill of Rights, in all suits between two or more persons, the parties have a right to a trial by jury. Each member of a school district is individually a party to a suit against the district. So of the members of other *quasi* corporations. Executions against such corporations may be levied on the property or bodies of the individual members. *Hawkes* v. *Inhabitants of Kennebeck*, 7 Mass. 463. *Inhabitants of Brewer* v. *Inhabitants of New Gloucester*, 14 Mass. 216. *Adams* v. *Wiscasset Bank*, 1 Greenl. 361. *Merchants' Bank* v. *Cook*, 4 Pick. 414. *Chase* v. *Merrimack Bank*, 19 Pick. 564. *Gaskill* v. *Dudley*, 6 Met. 546. By the common law, the admissions of individual members of *quasi* corporations are evidence against the body ; because they are parties to the suit, and cannot be called as witnesses. Greenl. on Ev. §§ 175, 331. *The King* v. *Inhabitants of Hardwick*, 11 East, 578. *The King* v. *Inhabitants of Whitley Lower*, 1 M. & S. 636. *The King* v. *Inhabitants of Woburn*, 10 East. 395. Statutes in this Commonwealth, and in other States of the Union, have made members of such corporations competent witnesses in actions by or against the corporations.

Unless individual members can defend, they may be charged, to the full extent of their property, by any vote or measure of the district. A majority of a district may agree, by vote, to pay any claim that is made on it, whether legal or illegal ; and the minority should have power to show that suits against the district are groundless or unlawful.

*Kingsbury*, for the plaintiff. By the Rev. Sts. *c.* 23, § 57, school districts are made bodies corporate ; and as in other

bodies corporate, the majority governs. Individual members cannot act corporately. Angell and Ames on Corp. (1st. ed.) 280, 122, 123. If single members could be admitted to defend, they could throw the costs of a groundless or unsuccessful defence on the whole body, which would be worse than the evil complained of in the present case. If a change in the law is needed, the legislature alone can make it.

HUBBARD, J. It is pressed upon this court that the individuals who ask to appear and defend this action have a right so to do ; that the inhabitants are summoned to appear, and so they are individually and primarily parties to the suit, because they are liable to have the writ of execution, which may be sued out on the recovery of a judgment, levied on their property, or be served on their persons, in the first instance. And it is also claimed as a constitutional right.

All these various reasons apply with equal force to the inhabitants of towns and parishes. But the individual members of them have never been permitted to appear and defend suits against the towns and parishes, as here prayed for.

School districts are made bodies corporate to prosecute and defend actions relating to the property or affairs of the district. Rev. Sts. *c.* 23, § 57. They are classed with towns, parishes and other corporations, in the provision made for the members to be competent witnesses in suits where the corporate body is a party. Rev. Sts. *c.* 94, § 54.

The 15th article of the Bill of Rights provides for the right of trial by jury in all controversies concerning property, and in all suits between two or more persons, except in cases in which it has heretofore been otherways used and practised. Now the practice before the adoption of the constitution was, and has always since been, for the corporate body to defend suits brought against it, and not for individual members of the body to do it ; and no such right is reserved to them by this article.

There may be an evil, in the present case, under which these persons are suffering. But it is incident to their membership in the district ; and with the benefits they must also

bear the burdens. It would be a much greater evil to let any individual, or a minority of the whole members, defend a suit against the corporation, on the plea of membership and personal liability — thus opening the door to constant and protracted litigation — than for an individual to suffer occasional hardship by over taxation. The watchful eye of self-interest is generally a guard sufficient for the protection of individual members of corporations ; for where all have a common interest, a defence will usually be made, where one exists. And though a personal quarrel among the members of the body may occasionally lead corporations into expensive litigation, it can furnish no reason to depart from the accustomed forms of pleading, or to introduce parties to the record not warranted either by the statute or the common law.

*Exceptions overruled, and judgment for the plaintiff.*