DALE v. BROOKLYN CITY, HUNTER'S POINT AND PROSPECT PARK RAILROAD COMPANY, appellant.

*Street railroad — injuries to person — contributory negligence. Evidence.*

Defendant's street car stopped on a signal from plaintiff, who was approaching across the other tracks of the company, and while plaintiff was getting on the car it started, pulling him along, with his hand on the handle, for eight or ten feet, when he was struck and injured by another car running in an opposite direction. There was evidence tending to show an invitation from the conductor of the car to plaintiff to get on on that side. In an action for the injuries, *held*, that under the circumstances it was not negligence *per se* for the plaintiff to attempt to enter the car between the tracks, but that it was a question for the jury whether plaintiff was guilty of contributory negligence.

When plaintiff received injuries in December, for which an action was brought and the evidence showed that the effects of the injuries remained until after the following April, and down to the time of trial, *held*, that a physician who saw plaintiff in April, might properly testify as to plaintiff's condition at that time.

APPEAL from a judgment entered on a verdict in favor of plaintiff, and from an order denying a new trial. The action was brought to recover for injuries received by plaintiff in consequence of alleged negligence in starting defendant's street car while plaintiff and wife were endeavoring to get on the car. The opinion states the facts. The following are the requests to charge made by defendant's counsel and referred to in the opinion:

1. "If the jury believe the plaintiff's testimony, that when he took hold of car 21 the car started, and he was dragged, or had to walk eight or nine feet toward the car coming from the opposite direction, and that his wife was walking either beside or behind him when he was struck by car 31, he was guilty of negligence which contributed to the accident, and the plaintiff cannot recover."

2. "That it was negligence, *per se*, for the plaintiff to attempt to get on the car from between the tracks under the circumstances."

3. "It was negligence for the plaintiff to be between the tracks under the circumstances of this case."

4. "That the plaintiff, having attempted to cross one of the tracks and to get on the car from between the tracks of the road, having voluntarily placed himself in a dangerous position, was bound to look out for the car approaching from the opposite direction, and it was negligence for the plaintiff not to do so."

5. "That there is no evidence of loss of business as a basis for damages."

*John H. Bergen*, for appellant.

*Abbott Brothers*, for respondent.

DANIELS, J. The case of *Phillips* v. *Rensselaer and Saratoga R. R. Co.*, 49 N. Y. 177, so far differs from the present one, in its leading facts, as to justify the application of a different principle to its decision. There the plaintiff attempted to get upon the train while it was in motion, and after failing in the attempt so far as to be thrown off the step, he renewed it, and persisted in doing so, while the speed was increasing, for a distance of about sixty feet, when he came in collision with an object so near the track as to render his projecting body incapable of passing it without injury. While in the present case, if the evidence of the plaintiff, his wife and his first witness was reliable, the car stopped upon the

street, and he, having hold of the handle, with one foot upon the step, was either in the act of assisting his wife to go in, or about to do that, when the car started again, pulled him along, with his hand still on the handle, for eight or ten feet, when he was struck and injured by another car approaching from the opposite direction.

The occurrence took place upon a stormy evening, about as the night had set in. And it was claimed that the car had stopped, upon a signal being given by the plaintiff and his first witness, to allow himself and wife to approach and enter it from that side of the track.

The evidence given by the driver and conductor of this car, and the driver of the other car, was directly in conflict with that given by and on the part of the plaintiff, but there was no such preponderance either way as to prevent the question, as to what the truth really was, being a proper one for the consideration and decision of the jury.

If they believed the relation of the facts given by the plaintiff and his witnesses to be correct, as it certainly must be assumed that they did, from the verdict being in his favor, then there was gross negligence on the part of the driver and conductor of the car he and his wife were about to enter, in starting it in motion again after it had been stopped for that purpose, before that could safely be accomplished. And if the plaintiff and his wife were upon that side of the car, upon the invitation to be implied from the conductor's stopping the car and opening the door upon that side for the purpose of having them enter it in that way, then he was not necessarily negligent in attempting to do so.

These were facts which the jury could very properly find in his favor from the evidence, and for that reason a nonsuit would have been improper.

The accident happened on the 23d day of December, and the evidence of the plaintiff and his wife tended to show that he was severely injured by means of the concussion, and that his injuries continued to exist at the time of the trial. It was, therefore, not improper for the court to allow a physician, who saw the plaintiff in the following April, to testify as to what his condition was at that time.

No evidence was given, nor offered, to prove that the diagram presented to the witness correctly represented the locality, condition of the railroad tracks, or the situation of the cars, at the time of

the accident, and for that reason there was no error in excluding it from the consideration of the witness to whom it was exhibited.

From the statement, already made, of the facts, which the evidence on the part of the plaintiff tended to establish, it is quite clear that the court could not lawfully have charged the first three propositions submitted for that purpose on the part of the defendant, for they substantially required the court to hold that it was negligent for the plaintiff to approach and attempt to enter the car on the side between the tracks. This, under the circumstances, it was not the province of the court to decide, but for the jury, to which it was submitted as favorably as the defendant had any right to require that it should be.

The fifth proposition could not have been correctly charged, because there was evidence that the plaintiff had been prevented from attending to his business by the injuries produced by the collision.

By the fourth proposition, the court was asked to charge that the plaintiff, having voluntarily placed himself in a dangerous position, was bound to look out for the car approaching from the opposite direction, and it was negligence for him not to do so. This could not properly be held, if, as he stated, he was substantially there by the invitation of the conductor, which might be implied from the circumstances that the car had stopped for him and his wife to enter it from that side, and the door had been opened for them to do so. The jury had the right, under the evidence, to find those facts in the plaintiff's favor, and, if they did so, he could assume that the conductor had concluded that the car could be safely entered in that way.

These circumstances carried an assurance with them that a proper opportunity existed for the plaintiff and his wife to enter the car at that time, on that side, without danger from another approaching in the other direction; and if the plaintiff's evidence was reliable, this was true, for both himself and wife could have safely entered the car before any danger existed from the other, if they had not been prevented from doing so by its being improperly set in motion again before that could be accomplished. Upon this subject the court charged as favorably for the defendant as it could reasonably be required to do. For the jury were directed that it would be negligence for the plaintiff to attempt to enter the car between the tracks, unless he was substantially invited to do so by the acts of

the conductor; and that such negligence would defeat his claim to recover damages for the injury received by him. This seems to be all that the defendant had any right to insist upon, concerning this portion of the case.

The jury had the right, from the evidence given, to conclude that the plaintiff's injuries were severe and probably permanent. And as they must be presumed to have done so from the verdict which they rendered, the sum of $2,500, the amount of it was not disproportioned to the damages probably sustained by the plaintiff.

There is nothing in the case from which the verdict can be held to be excessive. *Walker* v. *Erie Railway Co.*, 63 Barb. 260. There are no other respects in which the defendant claims the case to have been erroneously disposed of at the trial.

The judgment and the order denying a new trial should therefore be affirmed, with costs.

WESTBROOK, J., and DAVIS, P. J., concurred.

*Judgment affirmed.*