JONES

v.

THE BALTIMORE AND OHIO RAILROAD COMPANY.

RAILROADS; NEGLIGENCE; PASSENGERS JUMPING FROM MOVING TRAINS.

1. Where in an action against a railroad company for damages for personal injuries, the testimony shows that the plaintiff, an adult person of intelligence and capable of self government, jumped from a train just leaving a station and moving at a rate of from three to three and a half miles an hour, and was injured, an instruction to the jury, which is supported by the evidence, is not erroneous which states that if they believe that the plaintiff purchased in Washington a ticket for Gaithersburg and boarded one of defendant's trains that was pointed out to him by an employee of the defendant, and if, as the train was moving out of the yard at a rate of speed from three to three and a half miles an hour, or at a rate of speed so slow

that the danger of getting off would not have been apparent to a reasonable person, and if he was notified by the conductor or brakeman, or any other employee or agent of the defendant at that time on the train, that the train was not going to Gaithersburg, and if he did not want to go to Baltimore he had better get off, and that immediately the plaintiff jumped off and was thereby injured, then it is for the jury to say whether or not the defendant acted negligently, and if the injury was sustained on account thereof, the plaintiff is entitled to recover, unless they further find that the plaintiff by his own negligence contributed to the injury.

2. *Quære*: Whether the trial court, on such evidence, should not have directed a verdict for the defendant.

No. 189.  Submitted April 6, 1894.  Decided October 1, 1894.

HEARING on a bill of exceptions by the plaintiff in an action for damages for personal injuries.  *Judgment affirmed.*

The COURT in its opinion stated the case as follows :

This case has been long pending and has been tried several times, both at special terms, and at General Terms on appeal, of the Supreme Court of the District, with various results.

The action is for personal injury to the plaintiff, occasioned, as alleged, by the negligence of the defendant, through its employees.  The case has been transferred to this court from the General Term of the Supreme Court of the District, under the act of Congress of February 9, 1893.

The facts as shown by the bill of exceptions, and about which there is no dispute, are :

That on the morning of the 10th of December, 1881, the plaintiff, Paul Jones, bought a ticket, at the ticket office of the defendant, The Baltimore and Ohio Railroad Company, in the city of Washington, entitling him to be carried from the latter place to Gaithersburg, in Montgomery County, Md.; that he went into the depot, exhibited his ticket, and passed the gate that let him on the platforms where the trains of the defendant were standing to receive passengers for their respective destinations.  The plaintiff himself testified that after passing through the gate, he was referred

to a train standing on the left hand side of the platform, as the one for Gaithersburg; that he got into a car in a train, as he supposed for that station on the road, but he was told by some person, whom he supposed to be in the employ of the railroad company, that the car in which he was seated was detached, and that the train he was in search of was on the opposite side of the platform; that thereupon he left the car first entered, and went across the platform and got into a train standing there, or that was then just about moving out; and the train went out of the station, and while he was still standing on the platform of the car, and while the train was running at a speed of between 3 and 4 miles an hour, and about 500 or 600 yards out from the depot, he asked a person, in the company's uniform, whom he supposed to be the conductor, and who was passing through the car, whether that was the Gaithersburg train, to which inquiry the reply was made, " No, it is for Baltimore, and if you do not want to go to Baltimore, you had better get off." Whereupon the plaintiff immediately, according to his own testimony, without asking to have the train stopped, or how far it was to the next station at which the train would stop, stepped or jumped off the train while so in motion, and, in getting off, fell upon his elbow, causing a severe break in the bones of his arm, and which rendered it necessary that the arm should be amputated near the shoulder. His injury was serious and his suffering great, and of long duration; and the question is, by whose fault was this injury produced?

The case was quite elaborately tried, and, at the close of the evidence, the case was argued and submitted to the jury, upon special instructions formulated by counsel and approved by the court, and with a general charge of the court founded upon the whole evidence of the case.

[ The following was the instruction asked by the plaintiff, as modified and granted by the court:

"If the jury believe from the evidence that the plaintiff

at the time stated in his declaration purchased at the ticket office of the defendant, at its depot in the city of Washington, D. C., a ticket to Gaithersburg in Maryland to become a passenger on one of its trains to Gaithersburg, and did get upon one of said defendant's trains that was pointed out to him by an employee of the defendant, and if, as said train was moving out of the yard of the defendant at a rate of speed of from three to three and a half miles an hour, or at a rate of speed so slow that the danger of getting off would not have been apparent to a reasonable person, and if he was notified by the conductor or brakeman or any other employee or agent of said Railroad Company at that time on said train, that said train was not going to Gaithersburg and that if he did not want to go to Baltimore that he had better get off, and that immediately thereupon the plaintiff got off the train and was thereby injured, then it is for the jury to say whether or not the defendant thereby acted negligently and if the injury was sustained on account thereof, then the plaintiff is entitled to recover unless they further find that the plaintiff by his own negligence contributed to the injury; and in determining the question as to contributory negligence, all the circumstances immediately connected with the act of leaving the platform of the moving car are proper considerations for the jury."

The instructions asked by the defendant and granted by the court, over the objection of the plaintiff, were as follows:

"1. If the jury find from the evidence that the plaintiff purchased a ticket to Gaithersburg, and intending to go by the Metropolitan Branch of defendant's road, got upon the train for Baltimore, and upon inquiry on the platform of one of the cars, after the train had started, was informed by some one wearing the uniform of the company's servants that unless he wanted to go to Baltimore he had better get off, and that thereupon said plaintiff jumped from said platform whilst the cars were in motion, and going at a rate of speed of from three to four miles an hour, without

requesting that the train should be stopped for the purpose of letting him off, and without informing the conductor of said train that he had made a mistake and taken the wrong train, and informing him that he desired to get off, and that the injuries complained of in this case were caused by his so jumping from said cars while they were in motion, then the jury may find that the plaintiff was guilty of contributory negligence, and if they so find, the verdict must be for the defendant."

" 2. If the jury find from the evidence that the injuries complained of by the plaintiff in this case were caused by his jumping from the cars of the defendant whilst they were running at a speed of from three to four miles an hour, and that in view of such rate of speed and the character of the surface of the ground where said accident occurred, the danger of attempting to jump from said train would have been apparent to a reasonable man of ordinary common sense and judgment, then their verdict must be for the defendant, notwithstanding they may find as true all the circumstances testified to by the plaintiff on the witness stand."

" 4. If the jury find from the evidence that the negligence or want of due care and caution of the plaintiff caused the accident, or even contributed to it in any degree, or that it could have been avoided by the exercise of such care and caution on the part of the plaintiff as is ordinarily exercised by men of common sense when they are sober, then the plaintiff is not entitled to recover, whether they find that the officers of the company were guilty of negligence or not, but the jury must find for the defendant, provided the officers of the defendant were not notified that the plaintiff was unable to care for himself, if he was so unable."

" 5. That the plaintiff was in fact injured in jumping from the car is a circumstance to be considered by the jury, with such other circumstances as the jury may find in the evidence, as tending to show that it was not safe to

attempt to make such jump, and also as a circumstance tending to show that the plaintiff in the act of jumping did not use proper care and caution, but was guilty of negligance."

" 6. To entitle the plaintiff to recover, it must appear from the evidence:

" (1) That the damage complained of was caused *entirely* by the negligence or improper conduct of the defendant.

"(2) It must not appear that the plaintiff in any way and in any degree contributed to the accident by his own negligence, or want of ordinary care and caution. And if both of these propositions are not established, the verdict must be for the defendant; and in determining the second proposition as to the negligence of the plaintiff, the jury will determine whether the injuries and damages sustained by the plaintiff would have happened to him without his own act of carelessness, or the careless manner of doing the act; and if they find that such injuries and damages would not have happened to him without such act, or the careless manner of doing the act, then he was guilty of contributory negligence, and the verdict must be for the defendant."

" 7. The jury are instructed that in this action, they cannot consider the absence of placards or signals in the depot of the defendant notifying passengers of the proper train to take to reach their destination, or any misdirection to the plaintiff in consequence of which he got upon the wrong train, as constituting any evidence of negligence on the part of the defendant for which the plaintiff is entitled to recover, and if the jury believe from the evidence that the plaintiff got in safety upon the platform of the car from which he jumped and was injured, then they are instructed that it is immaterial in this action whether there were any such placards or signals, or not, or whether he was properly or improperly directed to the train which he should have taken."

The court's charge to the jury was as follows :

"Gentlemen of the jury, the plaintiffs seeks, by this action, to recover at your hands a verdict for damages sustained by him in the alighting from a moving car of the defendant, the Baltimore and Ohio Railroad Company.

"The very foundation element of this case is the negligence of the defendant, and if he fails to satisfy you that the defendant has been negligent in respect to a duty owed by the defendant to him, the plaintiff, then the plaintiff is not entitled to a verdict at your hands. That is one element in the case, and the burden of proof is upon the plaintiff to establish to your satisfaction, primarily, that the defendant was negligent, and that the accident to the plaintiff was proximately caused by this negligence of the defendant.

"Another element in the case is suggested in the claim that the plaintiff was the cause of his own injury by committing, on his part, an act which was negligent, and which was the proximate cause of the injury. The court has been asked to state to you the law, and the court has so done.

"I will now repeat it : If the evidence in the case indicates to you that the plaintiff was negligent, as I shall explain to you the meaning of that word, and that the injury was proximately caused by his own act, then he is not entitled to recover, even if the defendant was negligent. Negligence, whether the negligence of the defendant or the negligence of the plaintiff, which is ordinarily known as contributory negligence, is defined very clearly and satisfactorily in the words of the Supreme Court of the United States as, "the failure to do what a reasonable and prudent person would ordinarily have done under the circumstances of the situation, or doing what such a person, under the existing circumstances, would not have done. The essence of the fault might lie either in omission or in commission. The duty is dictated and measured by the exigencies of the occasion."

"With reference to the negligence of the defendant, which

is the fundamental element of the plaintiff's case, and is absolutely essential to be shown before the defendant is called upon to make any answer, the burden of proof is upon the plaintiff. That is to say, the plaintiff must satisfy you by the circumstances in evidence, that the defendant was called upon to perform some duty with reference to the plaintiff, and that the defendant either committed a negligent act or omitted to do a prudent and necessary act.

"With reference to the matter of contributory negligence, that is, negligence upon the part of the plaintiff, which may be claimed as the proximate cause of the injury, the law does not impose upon the plaintiff the burden of establishing a negative to your satisfaction. That is to say, the plaintiff is not required by the law, in order to recover, to satisfy you that he was not negligent. The burden is upon the defendant to satisfy you of that fact. That means simply this: That the plaintiff, when he makes out his case, is not bound to affirmatively show to you that he was not guilty of negligence; but if he does do so, or if, upon the whole evidence, after the defendant has put in his case, it appears to you that the plaintiff has been guilty of negligence, that is to say, of contributory negligence—then he is not entitled to recover a verdict at all at your hands. So that if the evidence fails to establish, in the first place, that the defendant has been negligent, then the plaintiff is not entitled to recover. In the second place, if the evidence indicates to you that the plaintiff was negligent, and that his negligence was the proximate cause of the injury, then he is not entitled to a verdict at your hands. In the third place, if the evidence should indicate to you that the defendant, the railroad company, was negligent, but that the proximate or near cause of the plaintiff's injury was his own carelessness and negligence, then he is not entitled to recover a verdict at your hands. But if he satisfies you by the evidence that the defendant was negligent, and that the negligence of the defendant was the cause of the injury,

and if the evidence does not satisfy you that the plaintiff himself was negligent, then he is entitled to recover a verdict at your hands, for such sum as you may find will compensate him for the injury he has sustained.

"The very point where this whole case appears to hinge is the point at which it is claimed by the plaintiff that he made inquiry after getting upon this moving train, as to whether the train was going to Gaithersburg, and he was responded to by some officer of the company, and told that the train was going to Baltimore, and that, if he did not want to go to Baltimore, he had better get off. I will say right here, gentlemen of the jury, that if the evidence does not satisfy you that this intimation or direction, if you think it amounted to a direction, was given to the plaintiff at that time, or unless the evidence satisfies you that this intimation was made or given by some officer of the company, then that ends this case, and the plaintiff is not entitled to recover at your hands; for it is beyond dispute that if he got upon that car, finding it in motion, and without being led to take that step by the officers of the company, and got off of his own volition and was injured, then he alone is responsible for his own act; that is to say, if the company was not requested to stop the train. If the attention of the officers of the company was not called to the fact that he was about to take this step, and an opportunity given to the company to let him alight safely; if it was an unsafe thing to get off, and he acted in that respect of his own volition, and without the direction of the officers of the company, he would not be entitled to recover a verdict at your hands. He is responsible for any injury, and no one else.

"So that, necessarily, the inquiry to be made by you is: What did these words amount to, if they were spoken by some officer of the company, and what effect have they in indicating any negligence on the part of the defendant; and what effect have they in the consideration of the ques-

tion as to whether the plaintiff himself was negligent in getting off the train.

"Was this direction, if it was a direction, in the form of a command, or was it given in such way as to necessitate the action of the plaintiff in getting off the train?

"If not, if it were a mere suggestion by an officer of the company upon which the plaintiff could act or not, as he saw fit, and the plaintiff was not an infant, and not *non compos mentis,* he was called upon to exercise his own judgment, and he is responsible for the exercise of his own judgment.

"In the next place, you should consider whether, upon the evidence in this case, the act of getting off of that car, moving at a rate of speed between three and four miles an hour, would be ordinarily a safe act. If it would be a safe act for a person to do, and that is your conclusion upon the evidence in the case, then it would not matter that an agent or officer of this company suggested to the plaintiff that he should get off this moving car.

"If the plaintiff—and the evidence satisfied you that that is the fact—regarded this merely as a suggestion that this train was going to Baltimore, and if he remained upon it he would be carried to Baltimore, and he, without asking the company's agents to stop the train, or giving them an opportunity to stop it and avoid possible injury from jumping off of the moving car, of his own volition, and acting upon his own impulse, jumped from that car and was injured, he is not entitled to recover a verdict at your hands.

"If upon the whole evidence you should be satisfied that the defendant was negligent—and that question the court leaves entirely to you—in the manner in which it conducted itself towards this plaintiff with reference to the act of getting off that car, and excluding everything anterior to that point with reference to not having signs in the depot indicating trains, and what direction they were to take, and if, in the next place, it does not appear to you that the plaintiff

himself was guilty of contributory negligence, as that form has been explained to you by the court, then, under the instructions of the court, the plaintiff would be entitled to recover a verdict at your hands in such sum as in your judgment would compensate him for the injury, and the court has granted this instruction in that connection:

" ' If the jury shall find for the plaintiff, they will take into consideration, in estimating the damages, the actual loss of the plaintiff, both present and from the time the accident occurred, and prospective; his bodily pain and suffering, and also the pain of mind connected with his bodily injury; the loss from not being able to work, and the extent to which his ability to earn his livelihood has been impaired by the injury received.'

" You should consider in that connection, gentlemen, whether the plaintiff has indicated that he has been totally disabled, and whether with his remaining arm and his physical condition as evidenced to you, he is capable of earning a livelihood—a livelihood that would be equal in amount to that which he said he earned before the time of the accident. You will remember the testimony on that point was he received compensation as a rodman or chainman. I do not remember any other evidence in the case with reference to the compensation he earned. You should be careful not to permit your sympathies to run away with your judgment. If you conclude to give him a verdict, you should regard this matter, so far as it is possible, as a plain matter of business, and of compensation. It is not a case in which exemplary or punitive damages should be given. It is a case simply and solely for compensation, if anything; and you should base your verdict solely and exclusively upon the evidence, excluding all matters of sympathy, and upon your reason and judgment as business men upon the evidence.

" If upon the whole evidence as indicated by the court in its instructions, you come to the conclusion that the plaintiff is not entitled to recover, you should return a verdict for the

defendant.   If you conclude that the plaintiff is entitled to recover anything, then the limit of recovery should be as suggested by the court in these intimations that have just been given to you."—REPORTER.]

*Mr. Frank T. Browning, Mr. J. Holdsworth Gordon* and *Mr. Percival M. Brown* for the plaintiff in error.

*Messrs. Hamilton & Colbert* for the defendant in error.

Mr. Chief Justice ALVEY delivered the opinion of the Court:

The special instruction asked by the plaintiff, as modified and granted by the court, taken in connection with the general charge of the court upon all the facts of the case, would seem to have placed the case before the jury in as favorable a manner as the plaintiff could reasonably ask, in view of all the proof of the case.   And we find no valid objection to any of the special instructions granted by the court, at the instance of the defendant.   Indeed, but for the rulings previously made in the case, it may be questionable whether the learned judge below should not have taken the case from the jury; for taking the testimony of the plaintiff as being in all respects true, and conceding that there had been negligence on the part of an employee of the defendant in misdirecting the plaintiff as to the proper train to be taken by him, it is difficult to perceive upon what rational principal of human action he could claim a verdict in his favor for the injuries received.   It was the single act of the plaintiff, willed by himself, in attempting to leave the moving train, that produced the injury, and such injury would not have occurred, but for that act of the plaintiff, done in the exercise of his own free power of volition.   It is not pretended that there was any impending or threatened danger to life or limb, or any imperious necessity that suddenly incited the plaintiff to assume the risk of jumping from the moving train, nor did the suggestion of the person supposed to be an officer of the company, "that if he did not want to

go to Baltimore he had better get off," justify the plaintiff in the perilous attempt of jumping or stepping from the moving train. There was nothing in the suggestion that amounted to a command to leave the train; and even if there had been, it would have been the duty of the plaintiff to have disregarded such command, until the train was brought to a position to enable him to escape without danger of personal injury. An adult person of ordinary intelligence, and capable of self-government, must be taken to know, and be held responsible for his knowledge, that in jumping or stepping from a train moving at the rate of between three and four miles an hour, there is serious risk of being thrown down and receiving injury, and that the attempt is perilous to anyone, except to those who, from practice, are expert in getting off and on moving trains. The railroad companies as carriers of passengers are held to a high degree of care, but there is a correlative duty on the part of the passenger, which requires him at least to take reasonable care and precaution for his own safety. He must not expose himself to an obvious peril, or assume a risk dangerous to life or limb, unless impelled to it to avoid what appears to be an impending danger of serious bodily harm. The stepping or jumping off the train by the plaintiff was, to say the least of it, *prima facie* evidence of carelessness on his part, and the jury must have so regarded it.

There are, doubtless, a great variety of views to be found in the reports of cases upon this subject, and there may be found cases that afford color to the contention of the plaintiff in this case. But there is a case of the highest authority, and one that is binding and conclusive upon this court, and which in principle would seem fully to embrace and control this case, and that is the case of *Railroad Company* v. *Jones*, 95 U. S. 439. That case arose in this District, and the decision of the Supreme Court made in that case has been repeatedly sanctioned in subsequent cases occurring in that high tribunal. In that case the plaintiff

was one of a gang of hands that were employed in the construction and repair of the roadway. The hands were usually conveyed by the company to and from the place where they were at work, and a box car was assigned to that use. Although on several occasions forbidden to do so, and warned of the danger, the plaintiff, on returning from work the evening of the accident, rode on the pilot or bumper of the engine, when the train in passing through a tunnel, collided with cars standing on the track, and he was injured. There was ample room for him in the box car, and no one in that car was hurt. The plaintiff had been told by the conductor of the car, when about leaving the work that evening, to jump on anywhere; that they were behind time, and must hurry ; and hence he got on the pilot of the engine. On this state of facts, the defendant requested that the jury be instructed that if they found that the plaintiff knew the box car was the proper place for him, and if he knew his position on the pilot of the engine was a dangerous one, then they should render a verdict for the defendant, whether they found that its agents allowed the plaintiff to ride on the pilot or not. This request was refused by the court below, but that ruling was reversed by the Supreme Court, and it was held, that, as the plaintiff would not have been injured had he used ordinary care and caution, he was not entitled to recover against the defendant; and that the knowledge, assent, or *direction* of the agents of the company as to what the plaintiff did at the time in question was immaterial; that the company, although bound to the exercise of a high degree of care, did not insure the safety of the plaintiff against his own negligent or careless conduct.

In that case, the court, in defining negligence, say : " Negligence is the failure to do what a reasonable and prudent person would ordinarily have done under the circumstances of the situation, or doing what such a person under the existing circumstances would not have done. The

essence of the fault may lie in omission or commission. The duty is dictated and measured by the exigencies of the occasion." And then the court say: "One who by his negligence has brought an injury upon himself cannot recover damages for it. Such is the rule of the civil and of the common law. A plaintiff in such case is entitled to no relief. But where the defendant has been guilty of negligence also, in the same connection, the result depends upon the facts. The question in such cases is: 1. Whether the damage was occasioned *entirely* by the negligence or improper conduct of the defendant; or, 2, whether the plaintiff himself so far contributed to the misfortune by his own negligence or want of ordinary care and caution, that but for such negligence or want of care and caution on his part the misfortune would not have happened. In the former case the plaintiff is entitled to recover. In the latter, he is not." The court citing many cases in support of these propositions.

And in another part of the opinion the court say: "The knowledge, assent, or direction of the company's agents as to what the plaintiff did, is immaterial. If told to get on anywhere, that the train was late, and that he must hurry, this was no justification for taking such a risk. As well might he have obeyed a suggestion to ride on the cow catcher, or to put himself on the track before the advancing wheels of the locomotive. The company, though bound to a high degree of care, did not insure his safety. He was not an infant nor *non compos*. The liability of the company was conditioned upon the exercise of reasonable and proper care and caution on his part. Without the latter the former could not arise." And in conclusion, the court say, that if an instruction had been asked requiring the jury to return a verdict for the defendant, it would have been error to refuse such instruction.

In the case in the Supreme Court from which we have so freely extracted, there are several cases referred to with

approval that have a strong and direct bearing upon the case before us, adverse to the contention of the plaintiff in this case. Among others are the cases of *Hickey* v. *Boston & Lowell RR. Co.*, 14 Allen 429; *Gavett* v. *M. & L. RR. Co.*, 16 Gray, 501. See, also, upon the question of contributory negligence, the recent case of *St. Louis, &c., RR. Co.* v. *Schumacher*, 152 U. S. 77, 81.

The doctrine of many of the courts of the country is to the effect, that it is not necessarily, as matter of law, negligence in a passenger to attempt to leave a moving train, but it is a question for the jury, depending largely upon the circumstances of danger attending the act, and the special justification for the attempt. But many courts of high authority hold to the doctrine that to jump from a rapidly moving train will, ordinarily, be such negligence as to prevent a recovery for the resulting injury, unless the party so acting did so to escape from an apparent imminent peril, in which case the question will be for the jury. *Cody* v. *RR. Co.*, 151 Mass. 462; *England* v. *RR. Co.*, 153 Mass. 490; *Phillips* v. *RR. Co.*, 49 N. Y. 177; *Railroad* v. *Rector*, 104 Ill. 296; *Railroad* v. *Bangs*, 47 Mich. 470; *Railroad* v. *Leslie*, 57 Texas, 83; *McCorkle* v. *RR. Co.*, 61 Iowa, 555; *Nelson* v. *RR. Co.*, 68 Mo. 595; *Railroad* v. *Letcher*, 69 Ala. 106. In this case the question of the negligence of the plaintiff in jumping from the moving train was treated as one of fact, and was fairly submitted to the jury for their determination. The first prayer of the plaintiff, as modified by the court, placed the case fully and fairly before the jury, upon the only possible ground upon which he could claim the right to recover.

There were several exceptions noted in the course of the trial below, presenting questions as to the admissibility of evidence; but we do not perceive that there was any error committed in the rulings excepted to. And as we are of opinion that the appellant obtained, in the instructions given to the jury, the full benefit of all the law to which

he could in reason claim to be entitled, we must affirm the judgment.

*Judgment affirmed.*